UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BENJAMIN JOHN MATTHEWS,

        Plaintiff,

v.                                 Case No.: 3:24-cv-269-WWB-MCR

TIFFANIE ROCHELLE DAWN
MATTHEWS,

        Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner's Motion Under the Hague Convention for Entry of an *Ex Parte* Temporary Restraining Order ("**Motion**," Doc. 13),[1] seeking the return of his and Respondent's minor child ("**S.R.M.**") to Australia. Specifically, Petitioner asks this Court to issue an order requiring Respondent to surrender to the Court all identity and travel documents belonging to her and S.R.M. pending final disposition of this action, granting Petitioner temporary sole custody of S.R.M., prohibiting the removal of S.R.M. from the Middle District of Florida unless the removal is to Australia, and awarding all costs and expenses associated with this suit and S.R.M.'s repatriation. (*Id.* at 12–13).

---

[1] The Motion fails to comply with the font requirements of the January 13, 2021 Standing Order. In the interests of justice, the Court will consider the Motion, but Petitioner is cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

I. **BACKGROUND**[2]

Petitioner and Respondent are S.R.M.'s biological parents and share parental rights. (Doc. 5, ¶¶ 6, 9; Doc. 13-2 at 2–3). S.R.M. was born in Australia in 2014 and resided there until Respondent brought S.R.M. with her to the United States for several weeks in mid-2016. (Doc. 5, ¶¶ 4, 11–13; Doc. 13-2 at 11). During that time, Respondent retained S.R.M. in the United States past the agreed upon return date, requiring Petitioner to travel to the United States and bring S.R.M. back to Australia with him. (Doc. 5, ¶ 11). Respondent returned to Australia in 2017 and married Petitioner. (*Id.* ¶¶ 13–14; Doc. 13-2 at 15). Petitioner and Respondent had a second child in 2019 and purchased a home together in Western Australia. (Doc. 5, ¶¶ 15–16; Doc. 13-2 at 17, 19).

In February 2023, Petitioner approved and financed a visit with Respondent's family in the United States. (Doc. 5, ¶¶ 17–19; Doc. 13-2 at 24–26). Due to cost constraints, only Respondent and S.R.M. made the trip. (Doc. 5, ¶ 17). On April 22, 2023, while still in the United States, Respondent informed Petitioner that she intended to relocate with S.R.M. to the United States permanently. (*Id.* ¶¶ 20, 24; Doc. 13-2 at 28–32). As a result of Respondent's failure to return S.R.M. to Australia, Petitioner filed this action. (*See generally* Doc. 5). Respondent was served on April 29, 2024, but has not timely appeared. (Doc. 7 at 2; Doc. 12 at 1).

II. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the

---

[2] The facts provided herein are based on the sworn representations contained in the Amended Verified Petition and exhibits submitted by Petitioner, which are taken as true for purposes of this Order.

2

requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

### III.     ANALYSIS

Petitioner's request for relief is made pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("**the Convention**"), Oct. 25, 1980, T.I.A.S. No. 11670, *available at* 1988 WL 411501, and its implementing legislation, the International Child Abduction Remedies Act ("**ICARA**"), 22 U.S.C. §§ 9001–9011, which confers jurisdiction over ICARA proceedings on this Court, 22 U.S.C. § 9003(a). The objectives of the Convention are: (1) to secure the prompt return of children wrongfully removed or retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Convention, art. 1. Children who are wrongfully removed under the provisions of the Convention shall be promptly returned unless one of the exceptions provided in the treaty applies. *See* 22 U.S.C. § 9001(a)(4). The Convention "does not provide for a determination of custody rights or the merits of a custody dispute"; its "underlying premise is that the child's country of habitual residence is the proper forum with jurisdiction to issue custody orders." *Leslie v. Noble*, 377 F. Supp. 2d 1232, 1238

(S.D. Fla. 2005). Thus, this Court's task is not to resolve the question of custody but only to address the issue of whether the Child was wrongfully removed or retained. The United States and Australia are Contracting States. *See* Status Table, Hague Conference on Private International Law, *available at* http://www.hcch.net/index_en.php?act=conventions.status&cid=24 (last visited May 7, 2024).

To prevail on his Amended Verified Petition, Petitioner must show by a preponderance of the evidence: (1) the child was a "habitual resident" of Australia immediately before retention in the United States; (2) the retention was in breach of Petitioner's custody rights under Australian law; and (3) Petitioner had been exercising his custody rights at the time of retention." *Chafin v. Chafin*, 742 F.3d 934, 938 (11th Cir. 2013). Petitioner has demonstrated a substantial likelihood of success on the merits of his ICARA claim. There is evidence that S.R.M. was born in Australia and resided there habitually prior to her removal to the United States by Respondent. Additionally, Petitioner has provided evidence that he remains legally married to Respondent, is the biological father of S.R.M., and was residing with Respondent and S.R.M. and exercising his parental and custody rights at the time S.R.M. was removed to the United States. Thus, the Court is satisfied that Petitioner has shown a substantial likelihood of success on the merits.

Turning the requested relief, Petitioner asks this Court to issue an order requiring Respondent to surrender to the Court all identity and travel documents belonging to her and S.R.M. pending final disposition of this action, granting Petitioner temporary sole custody of S.R.M., and prohibiting the removal of S.R.M. from the Middle District of Florida

during the pendency of these proceedings. ICARA permits courts to take "measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of [a] petition." 22 U.S.C. § 9004(a).

Petitioner has demonstrated that he will suffer irreparable injury absent the grant of some of the requested relief. There is evidence that Respondent has demonstrated a willingness to wrongfully retain S.R.M. against Petitioner's wishes and requests and Respondent has acted to conceal both her own and S.R.M.'s whereabouts from Petitioner. Furthermore, Petitioner argues that Respondent has expressed an interest in living in North Carolina and will have greater ability to relocate during the upcoming summer break from school. Were Respondent to do so, these proceedings would be hindered, and Petitioner would be frustrated in his ongoing attempts to locate Respondent and his minor child, resulting in irreparable harm to Petitioner. Petitioner has also demonstrated that the threatened injury outweighs the harm that some of the requested relief would inflict on Respondent and the entry of relief would serve the public interest by promoting the enforcement of ICARA and the Convention. Accordingly, Petitioner has established his entitlement to the issuance of a temporary restraining order.

Nevertheless, the Court is not convinced that all the relief requested is necessary or proper in this case. The Court agrees that the seizure of S.R.M.'s travel documents and prohibition of S.R.M.'s removal from the Middle District of Florida will cause minimal harm to Respondent, and that the threatened injury of delay in resolving S.R.M.'s continued separation from her sibling and father is significant. But Petitioner provides no legal authority or justification for requiring Respondent to surrender her own travel

documents pending the resolution of this proceeding. Accordingly, such request will be denied.

Additionally, a court may only "order a child removed from a person having physical control of the child [if] the applicable requirements of State law are satisfied." 22 U.S.C. § 9004(b). Florida has adopted the Uniform Child Custody Jurisdiction and Enforcement Act, which provides that "[u]pon the filing of a petition seeking enforcement of a child custody determination, the petitioner may file a verified application for the issuance of a warrant to take physical custody of the child if the child is likely to imminently suffer serious physical harm or removal from this state." Fla. Stat. § 61.534(1). A passing reference to a desire to live in North Carolina and a refusal to accept service is insufficient to establish that Respondent is likely to imminently remove the minor child from this state. This conclusion is reinforced by the fact that Respondent's parents are located here and Respondent has ties to this community. Thus, the Court finds that Petitioner has not presented sufficient evidence to merit a temporary transfer of custody.

Finally, Petitioner's request for an award of fees and costs is premature and will not be addressed at this juncture. *See* 22 U.S.C. § 9007(b); M.D. Fla. R. 7.01.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Motion Under the Hague Convention for Entry of an *Ex Parte* Temporary Restraining Order (Doc. 13) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

2. Pending final disposition of the Amended Verified Petition (Doc. 5), Respondent shall not take any action, or aid and abet others to take any

6

action, to remove S.R.M. from the jurisdiction of this Court absent permission of this Court. If Respondent changes her residence or the residence of S.R.M., she shall immediately advise the Court of the address of S.R.M. or her new residence.

3. If Respondent removes or causes S.R.M. to be removed from the jurisdiction of this Court, the Court will issue a warrant for her arrest.

4. The United States Marshal shall serve Respondent with a copy of this Order, the Amended Verified Petition (Doc. 5), and the Motion (Doc. 13), and all attachments thereto. Such service shall be made at Respondent's address at 13444 Gran Bay Parkway, Apartment 829, Jacksonville, Florida 32258, no later than 11:59 p.m. on May 8, 2024. If Respondent is not located at that apartment, the United States Marshal shall provide a copy of this Order to the main office and request Respondent's current address or take such as other measures as may be proper or necessary for the purposes of serving Respondent in accordance with this Order.

5. **At the time of service, Respondent shall surrender all travel documents for S.R.M., including, but not limited to: passports, birth certificates, travel visas, and social security cards, to the United States Marshal to ensure the continued presence of the Child in this jurisdiction during the pendency of this proceeding.** Any and all travel documents seized by the United States Marshal shall be held by the Clerk of the Court pending further Order of the Court. Respondent shall not take

any action to obtain replacement travel documents for S.R.M. pending further Order of the Court.

6. On **May 13, 2024, at 10:00 a.m.**, Petitioner and Respondent shall appear in Courtroom 12A, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, before the Honorable Wendy W. Berger for a status conference. The parties may appear through counsel. If Respondent has not retained counsel, Respondent shall appear *pro se*. This initial hearing is to confirm that the Child is physically located within the jurisdiction of this Court and to set a date for an expedited evidentiary hearing on the merits of the Amended Verified Petition.

**DONE AND ORDERED** in Jacksonville, Florida on May 7, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
United States Marshal Service

8