UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.:  3:24-cv-269-WWB-MCR

BENJAMIN JOHN MATTHEWS,
    Petitioner,

        -vs.-

TIFFANIE ROCHELLE DAWN MATTHEWS,
    Respondent.

_____/

## RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Respondent, Tiffanie Rochelle Dawn Matthews[1] ("Respondent" or "Mother") and hereby files her Answer and Affirmative Defenses to Petitioner's Amended Verified Petition for Return of Minor Children, Issuance of Show Cause Order and Provisional Measures (the "Petition") filed by Benjamin John Matthews ("Petitioner" or "Father"), stating as follows:

### PREAMBLE

1)    Respondent admits that the Petition is brought pursuant to the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 ("Hague Convention" or simply "Convention") but otherwise denies Petitioner has asserted an actional claim thereunder.

2)    Admitted.

3)    Admitted.

---

[1] Legal name in United States is Tiffanie Johnson.

## JURISDICTION

4) Respondent admits the allegations of this paragraph for jurisdictional purposes only; otherwise denied.

## VENUE

5) Respondent admits the allegations of this paragraph for venue purposes only; otherwise denied.

## PETITION FOR RETURN OF MINOR CHILDREN

6) Respondent admits Petitioner is the Father of the minor child but otherwise denies the allegations in this paragraph.

7) Respondent admits that, under the Convention, Australia's Central Authority is charged with transmitting requests pursuant to the Convention to the U.S. Department of State. Respondent is otherwise without knowledge as to the remaining allegations of this paragraph and therefore denies the same.

8) Admitted.

9) Respondent admits herself and the minor child are dual citizens of the United States and Australia, hold Australian and United States passports, and hold Australian identification numbers and American Social Security Numbers, but otherwise denies the allegations in this paragraph.

10) Admitted.

11) Denied.

12) Admitted.

13) Denied.

14) Admitted

15) Admitted.

16) Respondent admits Father and Mother purchased a home in Ellenbrook, Western Australia but denies it was in 2020.

17) Admitted.

18) Admitted.

19) Admitted.

20) Denied.

21) Denied.

22) Admitted.

### EVIDENCE OF WRONGFUL RETENTION OF MINOR CHILDREN

23) Denied.

24) Denied.

25) Admitted.

26) Denied.

27) Denied.

28) Denied.

29) Denied.

30) Denied.

### INTERNATIONAL AND PROVISIONAL MEASURES

31) Respondent admits that Petitioner correctly quoted a portion of Article 15 of the Convention but otherwise denies Petitioner is entitled to relief thereunder.

32) Respondent admits that Petitioner correctly cited a portion of 22 U.S.C. § 9004(a) but otherwise denies Petitioner is entitled to relief thereunder.

33) Respondent denies Petitioner is entitled to the provisional relief requested and further denies that provisional measures are required to ensure Petitioner has interim parental access to the Child, as Petitioner has and continues to have access to the Child without limitation by Respondent.

34) Respondent denies Petitioner is entitled to the provisional relief requested and only obtained the same based on a unilateral motion for temporary restraining order containing multiple misrepresentations of fact.

## AFFIRMATIVE DEFENSES

1) The minor child has been living in the United States, in Jacksonville, Florida, for over a year and is well settled in her new home and accustomed to life in Jacksonville, Florida. The minor child has excelled in her new school socially and academically since August 2023. In Australia, the minor child was faced with relentless bullying by her peers. In Jacksonville, the minor child has friends from school and in her neighborhood which she consistently communicates with and spends time with. Mother has stable employment with the flexibility of working from home, creating a consistent environment for the minor child. The minor child also has several family members in the Jacksonville area.

2) Over this period of a year, Petitioner delayed in asserting his parental rights and as a result did acquiesce to the minor child permanently residing in Jacksonville, Florida with her Mother.

3) Returning the minor child to Australia in the custody of the Petitioner would result in grave risk of harm to the minor child.

4) Even assuming the alleged removal or retention of the child was wrongful, the minor child is of sufficient age and maturity to render an opinion and she prefers to stay in the United States with her Mother.

WHEREFORE, Respondent respectfully requests the Court deny the Petition and allow the Mother to retain the Child in Jacksonville, Florida pending any custody dispute between the Mother and the Father.

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.

/s/ *Derek K. Mountford*
DEREK K. MOUNTFORD
Florida Bar No. 127172
dmountford@gunster.com
dculmer@gunster.com
1 Independent Drive, Suite 2300
Jacksonville, Florida 32202
Telephone: (904) 354-1980
Facsimile: (904) 354-2170

And

/s/ *Samantha V. Medina*
SAMANTHA V. MEDINA
Florida Bar No. 1030933
smedina@gunster.com
gsp.ediscovery@gunster.com
200 South Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone: (407) 648-5077
Facsimile: (407) 849-1233

*Attorneys for Defendant, Tiffanie Rochelle Dawn Matthews*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on May 17, 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

                                          /s/ *Samantha V. Medina*
                                          SAMANTHA V. MEDINA