**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BENJAMIN JOHN MATTHEWS,

        Plaintiff,

v.                                        Case No.: 3:24-cv-269-WWB-MCR

TIFFANIE ROCHELLE DAWN
MATTHEWS,

        Defendant.
_____/

**<u>ORDER</u>**

      THIS CAUSE is before the Court on the parties' Joint Motion to Enter Agreed/Consent Order to Return the Child to Sydney, Australia on or Before July 10, 2024 (Doc. 28). Therein, the parties state that they have settled the above-styled action, (*see also* Doc. 27), and request that the Court issue an order providing for the return of the minor child, S.R.M., to Australia.

      With the express consent and agreement of all parties, (*see* Doc. 28 at 1–2), and exercising this Court's inherent equitable authority, the Joint Motion will be granted as set forth in this Order. Although the Court strongly encourages the parties to abide by the terms of their settlement in every respect, the Court will limit its Order to encompass only the subject of the minor child's return to Australia and makes no findings or conclusions with respect to the remaining terms of the parties' agreement because the parties have not identified a legal basis upon which the Court could grant the requested relief. (*Compare* Doc. 28-1, *with* Doc. 28-2). While Article 10 of the Hague Convention on the Civil Aspects of International Child Abduction empowers courts to "take or cause to be

taken all appropriate measures in order to obtain the voluntary return of the child," the parties fail to apprise the Court how this edict would grant the Court authority to order Petitioner to purchase a cellphone for the minor child, require post-return communications, or require this Court to sanction a non-compliant party to a settlement agreement without further notice. To the extent any party violates the terms of this Order, the opposing party may petition the Court for any remedy available under the law, including sanctions.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The parties' Joint Motion to Enter Agreed/Consent Order to Return the Child to Sydney, Australia on or Before July 10, 2024 (Doc. 28) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.

2. The minor child shall be returned to Sydney, Australia on the flights identified in Petitioner's Notice of Filing Under Seal Travel Arrangements (Doc. 31). To the extent these flights are cancelled or otherwise made unavailable through no fault of the parties, the parties shall jointly work to expeditiously return the minor child to Australia using alternative means. However, the minor child must be returned to Australia on or before July 10, 2024, absent further order from this Court extending the deadline.

3. The minor child shall travel in the company of the authorized travel companion—Respondent's father, Ronald Johnson—who shall pay for his own transportation costs.

4. From the date of this Order through **July 5, 2024**, the minor child and Respondent may travel together within Florida.

5. The Clerk is directed to return all the minor child's passports, travel documents, and any other documents seized by the U.S. Marshal in this action pursuant to this Court's Order (Doc. 14) to Respondent no earlier than **July 3, 2024**.

6. Within **three days** of the minor child's return to Australia, Petitioner shall notify this Court of the same and seek dismissal of this case.

**DONE AND ORDERED** in Jacksonville, Florida on June 27, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record